IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00448-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

COREY BURNHAM,

    Applicant,

v.

THE DENVER SHERIFF DEPARTMENT,
SHERIFF WILSON,
THE COLORADO STATE BOARD OF PAROLE,
WESTMINSTER PAROLE OFFICE,
RENE WARD,
DELLA CRUMP, and
LORRAINIE DIAZDELEON,

    Respondents.

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND
FILE AMENDED APPLICATION

Applicant, Corey Burnham, currently is incarcerated at the Denver County Jail. He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action (ECF No. 3), and Motion to Produce Records (ECF No. 5).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue his claims.  Any papers that Applicant files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   __   is not submitted
(2)   __   is missing affidavit
(3)   __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   X   is missing certificate showing current balance in prison account (<u>copy submitted is notarized, not a certificate of the warden or other appropriate prison official</u>)
(5)   __   is missing required financial information
(6)   __   is missing an original signature by the prisoner
(7)   X   is not on proper form
(8)   X   names in caption do not match names in caption of complaint, petition or habeas application (<u>Uses et al. instead of listing all parties in caption</u>)
(9)   __   An original and a copy have not been received by the Court. Only an original has been received.
(10)   X   other: <u>Applicant may pay $5.00 filing fee in lieu of filing a certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:
(11)   __   is not submitted
(12)   X   is not on proper form (must use the Court's current form)
(13)   __   is missing an original signature by the prisoner
(14)   __   is missing page no. __
(15)   __   uses et al. instead of listing all parties in caption
(16)   __   An original and a copy have not been received by the Court. Only an original has been received.
(17)   __   Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)   __   names in caption do not match names in text
(19)   X   other: <u>Must provide address for each named defendant/respondent. The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.</u>

The application Mr. Burnham submitted to the Court on February 20, 2014, is vague and confusing. Some of the nine asserted claims, such as claims four and nine, lack supporting factual allegations.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the

2

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Burnham must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Rule 1(b) of the Section 2254 Rules applies the Section 2254 Rules to the instant action. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, the amended application Mr. Burnham will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim. The Court will not consider any claims raised in separate attachments, affidavits, amendments, supplements, motions, or other documents not included in the amended habeas corpus application.

Finally, the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that Applicant, Corey Burnham, cure the designated deficiencies and

file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this order **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies and file an amended habeas corpus application as directed **within thirty days from the date of this order**, the application may be denied and the action dismissed without further notice.  It is

FURTHER ORDERED that the Motion to Produce Records (ECF No. 5) is denied as premature.

DATED February 27, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge